FILED
CLERK
9/17/2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------X

AA MEDICAL, P.C.,

*Plaintiff*,

-against-

UNITED HEALTHCARE INSURANCE COMPANY,

*Defendant*.

----------------------------------------------------------X

**ORDER**
2:26-cv-01012 (SJB)(JMW)

**WICKS**, Magistrate Judge:

AA Medical, P.C. ("Plaintiff"), a medical provider that specializes in orthopedic surgery, removed this action on February 20, 2026, to this Court, against United Healthcare Insurance Company ("Defendant"). (ECF No. 1-1.) Plaintiff provided medical services to patients who were beneficiaries of health plans issued or administrated by the Defendant. (*Id.* at 4.) Following the treatments, the parties participated in the Independent Dispute Resolution ("IDR") process, which resulted in a several final awards to Plaintiff. (*Id.* at 3-10.) However, to date, Defendant has allegedly failed to pay the final awards. (*Id.*) Plaintiff asserts claims of breach of contract, breach of implied covenant of good faith and fair dealing, declaratory judgment, account stated, quantum meruit, and unjust enrichment. (*See generally*, ECF No. 1-1.) While this case commenced seven months ago, discovery has not closed and now the Court is tasked with determining if a stay of discovery is warranted pending the anticipated motion to dismiss. Therefore, before the Court is the Plaintiff's Motion to Stay Discovery (ECF No. 25), which is

unopposed by Defendant. (*See id.*) For the reasons stated herein, Defendant's Motion to Stay Discovery pending the anticipated motion to dismiss (ECF No. 25) is **GRANTED**.

## THE LEGAL FRAMEWORK

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *L.N.K. International, Inc. v. Continental Casualty Company*, No. 22-CV-05184 (GRB)(JMW), 2023 WL 2614211, at *1 (E.D.N.Y. Mar. 23, 2023) (quoting *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010)). The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Gagliano v. United States*, No. 24-cv-07930 (SJB)(JMW), 2025 WL 1104042, at *2 (E.D.N.Y. Apr. 14, 2025) (internal citation omitted). Rather, "[u]nder Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a dispositive motion for 'good cause' shown." *Alloway v. Bowlero Corp.*, No. 24-CV-04738 (SJB) (JMW), 2025 WL 1220185, at *1 (E.D.N.Y. Apr. 28, 2025) (citing *Hearn v. United States*, No. 17-CV-3703, 2018 WL 1796549, at *2 (E.D.N.Y. Apr. 16, 2018)). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Brinkmann v. Town of Southold, New York*, No. 21-cv-02468 (LDH) (JMW), 2022 WL 3912974, at *1 (E.D.N.Y. Aug. 31, 2022) (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or

stage of the litigation." *Vida Press v. Dotcom Liquidators, Ltd.*, 22-cv-2044 (HG) (JMW), 2022 WL 17128638, at *1 (E.D.N.Y. Nov. 22, 2022) (quoting *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006)).

## ANALYSIS

Consideration of the three factors warrants a stay under the circumstances presented. *First*, although Plaintiff contends that its claims are well-pleaded and likely to survive dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6),[1] Defendant has identified legal arguments that could significantly narrow or dispose of the action. (*See* ECF Nos. 22-8, 25.) *Second*, the breadth of discovery, should it proceed, could be burdensome and a stay would alleviate any burden that Plaintiff argues. (*See* ECF No. 25.) And *third*, given the Defendant's consent to the stay, the risk of unfair prejudice to Defendant is deemed low. (*See id.*) Each of these factors is considered below.

### *I. Defendant's Showing that Plaintiff's Claims are Unmeritorious*

In evaluating the apparent strength of a motion to dismiss for purposes of deciding whether to stay discovery, some courts require a "strong showing" that the complaint is unmeritorious, or, in other words, "'substantial arguments for dismissal.'" *Lawson v. Rubin*, No. 17-CV-6404 (BMC), 2018 WL 4211446, at *1 (E.D.N.Y. Mar. 7, 2018) (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72–73 (S.D.N.Y. 2013)). Other courts, however, have articulated a more lenient standard, finding that a stay may be warranted merely where the defendant's motion "is potentially dispositive, and appears to be not unfounded in the law.'" *Little v. City of New York Dep't of Fin.*, No. 20-CV-1979

[1] This conclusion is not intended in any way to pre-judge the motion to dismiss which is before Hon. Sanket J. Bulsara. The analysis is done solely for the purpose of determining whether a discretionary stay is appropriate pending resolution of the motion to dismiss.

(RPK)(MMH), 2022 WL 3704214, at *2 (E.D.N.Y. Aug. 26, 2022) (quoting *Bethpage Water Dist. v. Northrop Grumman Corp.*, No. 13-CV-6362 (SJF)((WDW), 2014 WL 6883529, at *2–4 (E.D.N.Y. Dec. 3, 2014)); *see also Thomas v. Amazon.com Servs., LLC*, No. 23-CV-1271, 2024 WL 3706844, at *4 (E.D.N.Y. Apr. 15, 2024) (staying discovery based on "colorable" arguments for dismissal). Without deciding which standard is correct in general, the Court concludes that the lenient standard is appropriate here, because "the overarching consideration of the circumstances in their totality governs." *Nike, Inc. v. Lululemon USA Inc.*, No. 22-CV-00082 (RA)(OTW), 2023 WL 2214884, at *1 (S.D.N.Y. Feb. 24, 2023) (internal citation omitted). Because the second and third factors below weigh strongly in favor of granting the stay, *see infra*, a correspondingly weaker showing on the first factor is sufficient.

The Complaint asserts that Plaintiff, a healthcare provider, received a favorable IDR determination under the No Surprises Act ("NSA"), yet Defendant, a health insurance company, continued to refuse to pay. (*See* ECF No. 1-1, ¶¶ 5-74.) The Complaint does not assert a cause of action under the NSA itself, but rather asserts various state-law causes of action including breach of contract. (*Id.* at ¶¶ 75-123.) Defendant seeks to move to dismiss the entirety of the Complaint. (*See generally* ECF No. 22.)

Defendant argues it can make a strong showing that Plaintiff's claims are unmeritorious because (i) the NSA does not authorize a private right of action to enforce an IDR determination and the absence of a private right of action under the NSA cannot be circumvented under the guise of state law causes of action, (ii) even if permitted, Plaintiff's state law claims fail as a matter of law, and (3) the court lacks subject matter jurisdiction over the disputes where the amounts owed were paid. (ECF No. 22-8 at 13–27.) On the other hand, Plaintiff asserts that there is a private right of action under the NSA, and that the state law claims are independent of the

NSA. (ECF No. 22-12 at 4-18.) To the extent the disputed amounts for certain patients have been paid, Plaintiff concedes that those claims should be dismissed. (*Id.* at 18.).

Both parties have asserted viable positions in their memoranda. Both parties' arguments heavily hinge on whether there is a private right of action under the NSA. Courts in this District have found that "the NSA contains no express right of action to enforce or confirm an IDR award, nor does it contain an implied private right of action to do the same." *Jeffrey Farkas, M.D., LLC v. Horizon Blue Cross Blue Shield of New Jersey*, 790 F. Supp. 3d 129, 137 (E.D.N.Y. 2025) (citation modified). Although Plaintiff does not purport to bring a claim under the NSA, Defendant maintains that Plaintiff's attempt to circumvent the NSA by pleading state-law claims must also fail. (ECF No. 22-8.) Courts outside this Circuit have ruled that "[p]laintiffs may not circumvent Congress's omission of a private right of action in the NSA by seeking to enforce a federal right under a state law theory." *SpecialtyCare Inc. v. Meritain Health, Inc.*, No. CV 25-198-MN, 2026 WL 353259, at *7 (D. Del. Feb. 9, 2026), *report and recommendation adopted*, No. CV 25-198 (MN), 2026 WL 745341 (D. Del. Mar. 17, 2026); *Complete Orthopaedics v. Cigna Health & Life Ins. Co.*, No. 2:26-CV-02604-SJB-JMW, 2026 WL 1785228, at *3 (E.D.N.Y. June 22, 2026) (discussing the same).

This question is currently pending before the Second Circuit. *See E. Coast Advanced Plastic Surgery, LLC v. Cigna Health & Life Ins. Co.*, No. 25-CV-1686 (PAE), 2025 WL 2371537, at *17 (S.D.N.Y. Aug. 14, 2025), *appeal pending*, Case No. 25-2204 (2d Cir.). In *E. Coast Advanced Plastic Surgery*, a healthcare provider sought declaratory judgment under the NSA to enforce an IDR determination. 2025 WL 2371537, at *17. Concluding that the NSA does not provide a private cause of action, Judge Engelmayer of the Southern District dismissed

the claim. *Id.* at *18. The healthcare provider appealed; the appeal was docketed as Case No. 25-2204, the appeal is fully briefed and the Second Circuit held oral argument on June 17, 2026.

Accordingly, without taking any position as to how Judge Bulsara will ultimately rule on Defendant's motion to dismiss, Defendant's arguments are at least "colorable." *Thomas*, 2024 WL 3706844, at *4 (granting stay). The first factor therefore leans *in favor* of a stay.

## ***II. Breadth of Discovery***

In the absence of a stay, the parties will have to conduct all fact discovery, which would have to be completed by the end of this month. (*See* ECF No. 14.) Given the circumstances present here, granting the stay would help the parties "avoid substantial burden and waste of precious resources." *Posada v. E. Coast Cap. Corp.*, No. 23-CV-01579 (RER)(JMW), 2025 WL 2721621, at *3 (E.D.N.Y. Sept. 24, 2025) (quoting *Cohen v. Saraya USA, Inc.*, No. 23-CV-08079 (NJC)(JMW), 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024)). This is particularly true where, as here, Defendant seeks to dismiss the entirety of the Complaint. (*See* ECF No. 22-8.) Based on the above, considering the breadth of discovery, this factor weighs in *favor* of granting the stay.

## ***III. Risk of Unfair Prejudice***

This case is in its early stages. The Complaint was filed on January 20, 2026, and removed to this Court a month later. (*See* ECF No. 1-1.) While the Court had issued a Rule 26(f) Scheduling Order (*see* ECF No. 14), discovery has not yet closed and the risk is minimal, if any, given the parties' joint stance on staying discovery. (*See* ECF Nos. 24-25.) "Mere delay in the litigation does not establish undue prejudice." *Wiesel v. Apple Inc.*, No. 19-CV-7261 (JMA)(JMW), 2021 WL 5038764, at *3 (E.D.N.Y. Oct. 29, 2021). Courts in this Circuit grant short stays that will be vacated upon resolution of a motion to dismiss and "neither unnecessarily

delay the action nor prejudice the plaintiffs thereby." *Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367 (S.D.N.Y 2002); *Nat'l Rifle Assn'n of Am. v. Cuomo*, 2020 WL 7338588, at *4 (N.D.N.Y. 2020). Here, a short stay is not likely to cause undue prejudice. *See Maddix v. City of New York*, No. 25-CV-01909 (HG), 2025 WL 1530648, at *3 (E.D.N.Y. May 29, 2025) (granting stay absent prejudice due to early stages of litigation). Indeed, the Defendant's consent to a stay shows that any potential risk is deemed low. (*See* ECF No. 25 at 1.)

Accordingly, a careful consideration of the relevant factors demonstrates that good cause indeed exists to warrant a stay of discovery pending resolution of the anticipated motion to dismiss. *See Chesney*, 236 F.R.D. at 115.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay (ECF No. 25) is **GRANTED**. In the event the motion to dismiss is denied, then the parties are directed to file a joint letter with proposed discovery dates and deadlines for the Court's consideration.

Dated: Central Islip, New York
September 17, 2026

**S O O R D E R E D:**

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge